CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP - 1 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN A. SMITH,<br>　　Plaintiff, | )<br>)<br>) | Civil Action No. 7:11-cv-00413 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| BRAD NESSAROLDE, <u>et al.</u>,<br>　　Defendants. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

John A. Smith, a Virginia prisoner proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Brad Nessarolde, a former police officer; the Lynchburg Police Department; and Robert Feagans, plaintiff's attorney. This matter is before me for preliminary review, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff complains that his attorney performed poorly during his preliminary hearing and trial. Plaintiff believes that Nessarolde's testimony exonerated him, but plaintiff was convicted and spent ten years imprisoned. Plaintiff alleges that Nessarolde was later forced to resign after an internal investigation discovered his "unsworn activities" while working for the Lynchburg Police Department. Plaintiff believes that Nessarolde "false[ly] arrested him" and caused him to be "wrongly convicted[.]" Plaintiff requests unspecified compensatory and punitive damages.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based

upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender).

Plaintiff cannot proceed under § 1983 against his attorney, Robert Feagans. Furthermore, plaintiff fails to allege any facts relevant to the Lynchburg Police Department. Moreover, plaintiff's conclusion that Nessarolde "falsely arrested" him is not entitled to an assumption of truth in the absence of any articulated facts. Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), and all pending motions are denied as moot.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 1st day of September, 2011.

Senior United States District Judge